Citation Nr: 1443667 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-22 281 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Schechner, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from December 1977 to October 1981. This matter is before the Board of Veterans' Appeals (Board) on appeal from March 2009 rating decision of the Waco, Texas RO. In February 2012, a videoconference Board hearing was held before the undersigned; a transcript of the hearing is included in the claims file. At the hearing, the Veteran requested, and was granted, a 60 day abeyance period for the submission of additional evidence; no additional evidence has been received. In April 2012 and November 2013, the Board remanded the matter for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on her part is required.


REMAND

On review of the record, the Board finds that this matter must again be remanded for evidentiary development.

At the outset, it is noteworthy that under governing caselaw, for the purpose of establishing service connection, the existence of a current [claimed] disability is shown when such disability is shown at any time during the pendency of the claim. 

In the last previous [November 2013] remand, the Board noted the Veteran's contention that her hearing acuity was damaged by her service as a supply clerk in the motor pool while stationed in Germany, exposing her to noise trauma from constant generators and trucks without the benefit of any kind of hearing protection. Audiometry on May 2012 VA audiological examination had not shown a hearing loss disability (as defined in 38 C.F.R. § 3.385), and service connection was denied essentially on the basis that the claimed disability was not shown. 

The Board further noted that on June 2009 VA treatment, the diagnosis following an audiological evaluation was bilateral sensorineural hearing loss of combined types. Additionally, on October 2012 VA treatment, the diagnosis was bilateral sensorineural hearing loss of combined types; the treating audiologist noted that the previous June 2009 evaluation indicated mild sensorineural hearing loss bilaterally (within normal limits from 1500 to 3000 Hertz in the right ear and from 500 to 3000 Hertz in the left ear); she had been fitted for hearing aids at that time. Puretone audiometry in October 2012 indicated mild sensorineural hearing loss at 2000 Hertz and above 3000 Hertz in the right ear, and at 250 Hertz and above 1500 Hertz in the left ear. Word recognition scores were 88 percent bilaterally, reflecting a hearing loss disability in each ear (as defined in 38 C.F.R. § 3.385). 

The Board remanded the matter for the May 2012 VA examiner to reconcile the conflicting reports noted above regarding whether or not the Veteran has a hearing loss disability (as defined in 38 C.F.R. § 3.385), and if so its likely etiology (specifically whether it is related to her service). The examiner was asked to explain the rationale for the opinion in detail, including identifying other (considered more likely) possible etiologies for the hearing loss, if the opinion was to the effect that the hearing loss is unrelated to service.

In a January 2014 addendum opinion, the May 2012 VA audiological examiner stated, "Veteran does not have hearing loss as defined in 38 C.F.R. 3.385", with no further rationale The AOJ returned the claims file to the May 2012 VA examiner for a more adequate opinion statement. In a June 2014 addendum, the VA examiner opined that the condition claimed was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness. Based on a review of the claims file, the examiner noted that hearing was found to be within normal limits on May 11, 2012, 30 years after separation from active duty service. The examiner opined that, although the definitive studies to address whether permanent noise-induced hearing loss can develop much later in one's lifetime, long after the cessation of that noise exposure, have not been performed, based on the anatomical and physiological data available on the recovery process following noise exposure, it is unlikely that such delayed effects occur. The examiner cited to the Institute of Medicine's September 2005 study, Noise and Military Service: Implications for Hearing Loss and Tinnitus. The examiner opined that, therefore, the Veteran's current hearing loss is less likely than not caused by or a result of an event and/or MOS in military service. 

Because the examiner did not specifically state that the VA treatment records noting findings of bilateral sensorineural hearing loss were reviewed, and the examiner also did not identify other possible etiologies for the Veteran's claimed hearing loss, the Board finds that the January 2014 and June 2014 VA addendum opinions failed to fulfill the remand instructions, and are inadequate. Although a statement that "the c-file was reviewed" would ordinarily suggest that all of the cited records (which are incorporated in the c-file) were reviewed, it is not clear that here such inference may be made. As the January 2010 and January 2014 addendum opinions did not cite to any of the conflicting findings on treatment in providing a rationale, they are inadequate and not compliant with the remand instructions. 

It is well-established in caselaw that when remand orders of the Board are not complied with, the Board itself errs in failing to insure compliance. See Stegall v. West, 11 Vet. App. 268 (1998). Here, the RO has readjudicated the matter on the merits following the January 2014 VA addendum opinion, suggesting that development pursuant to the Board's November 2013 remand has been acceptable and complete. However, the Board posed very specific questions to the VA examiner on remand, requiring review of certain treatment records pertinent to the matter on appeal. (When the Board issues specific remand instructions, there generally is a reason for such specificity.) The actions previously sought by the Board are necessary for a proper adjudication of the Veteran's appeal and there has not been substantial compliance with the remand orders; therefore, the matter must be remanded once again for compliance with the previous order/completion of the actions sought.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should return the claims file to the VA audiologist who conducted the May 2012 examination of the Veteran to reconcile the conflicting reports noted above regarding whether or not she has a hearing loss disability (as defined in 38 C.F.R. § 3.385), and if so its likely etiology (specifically whether it is related to her service). The Veteran's claims file (to include this remand) must be reviewed by the examiner in conjunction with the examination. Based on a review of the record and examination/interview of the Veteran, the examiner must offer opinions that respond to the following: 

(a) Does the Veteran have a hearing loss disability as defined in 38 C.F.R. § 3.385? The explanation of rationale for the opinion should (to the extent possible) reconcile the conflicting findings in that regard made on May 2012 VA examination, and on June 2009 and October 2012 VA treatment.

(b) If a hearing loss disability is found, the examiner should further opine whether such disability is at least as likely as not (a 50 % or better probability) related to the Veteran's acknowledged exposure to noise trauma in service. The examiner must explain the rationale for the opinion in detail; if the opinion is to the effect that the hearing loss is unrelated to service, the explanation should identify other (considered more likely) possible etiologies for the hearing loss.

2. The AOJ must ensure that the development sought is completed (there is an appropriate response to each request), and should then re-adjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case, and afford the Veteran and her representative opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).